IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY OHLER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-771 |
| | ) Magistrate Judge Bissoon |
| COUNTY OF FAYETTE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Stanley Ohler, Sr. ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, and alleges that Defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States. See Compl. (Doc. 3) at 3. This suit commenced with the receipt of Plaintiff's complaint by this Court on June 7, 2010. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on June 8, 2010. (Doc. 2). Plaintiff filed an amended complaint on April 18, 2011, which appears to be limited solely to his failure to train claims against Defendants County of Fayette and Vernon.[1] (Doc. 65).

Before this Court is Plaintiff's motion to compel discovery from Fayette County Defendants. (Doc. 61). Specifically, he seeks production of "the discovery packet information for case # 1385 of 2007." Id. at 1. While Plaintiff does not explicitly state any reason why this case would be relevant to his claims in his motion, an examination of Plaintiff's exhibits indicates that this is the criminal case underlying the current civil action. See (Doc. 1-2) at 31.

---

[1] It appears from Plaintiff's certificate of service that he made no attempt to serve this document on Defendant Ohler, (Doc. 65) at 15, in spite of this Court's order of March 23, 2011, which explicitly directed him to do so. See (Doc. 62).

Defendants County of Fayette, Vernon, and Ginn ("Fayette County Defendants") respond that they have received no such requests from Plaintiff in the context of the instant litigation. (Doc. 64) ¶ 3. They state instead that any requests that have been made by Plaintiff were to the District Attorney's office, and in the context of Plaintiff's criminal case. Id. ¶¶2, 4.

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. See Rega v. Beard, No. 08-156, 2010 WL 2404420, at *1 (W.D.Pa. June 10, 2010) (Bissoon, M.J.).

Rule 37 of the Federal Rules of Civil Procedure allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. However, "[t]he party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Opinion One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 WL 648986, at *2 (M.D.Pa. Mar 11, 2009) (internal citations and quotes omitted).

Rule 37 also requires that, prior to filing a motion to compel discovery, parties must "confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). Based on Fayette County Defendants' response, it appears that Plaintiff has not even made a proper discovery request for the information that he seeks, much less attempted in any way to resolve this dispute in good faith prior to seeking the intervention of this Court. As such, Plaintiff's motion will be denied

without prejudice to his properly requesting, in the context of this litigation, the information that he seeks from Fayette County Defendants.

AND NOW, this 25th day of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery (Doc. 61) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties are allowed until May 9, 2011, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to appeal in a timely manner may constitute waiver of the right to appeal.

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATES MAGISTRATE JUDGE

**cc:**
**STANLEY OHLER, SR.**
HR-0655
SCI Mahanoy
301 Morea Road
Frackville, PA 17932